IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-06211-PAB

MICHEL FEGUENS,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
NATHAN RASPER,[1] Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, and
TODD BLANCHE, United States Attorney General,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Michel Feguens' pro se[2] application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Respondents filed a response. Docket No. 7.

## I. BACKGROUND

Petitioner is a native and citizen of Haiti who arrived in the United States through a port of entry in Texas on July 30, 2022 using CBP One. Docket No. 1 at 2. Petitioner

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nathan Rasper is automatically substituted as a party in his official capacity.

[2] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

was paroled into the United States for one year. *Id.* He applied for asylum, and that application remains pending. *Id.* at 3. Petitioner is in removal proceedings and is not subject to a final order of removal. *Id.* Petitioner lives in Shippensburg, Pennsylvania, works at Walmart, has a work permit, has filed his federal tax returns, and has no criminal history. *Id.* at 2-3.

On September 8, 2026, petitioner attended a scheduled check-in appointment at the Immigration and Customs Enforcement ("ICE") office in Newark, New Jersey, where ICE officers took him into custody. *Id.* at 3. Petitioner states that he was complying with all conditions of his supervision and that he was arrested without a warrant. *Id.* ICE transferred petitioner to the Denver Contract Detention Facility in Aurora, Colorado, where he remains detained. *Id.* On November 5, 2026, an immigration judge ("IJ") denied bond. *Id.* at 3, 8. According to petitioner, the IJ denied bond because petitioner "failed to carry his burden of demonstrating that he does not present a danger to the community" and "has not sufficiently established that he does not present a risk of flight." *Id.* at 8.

On November 16, 2026, petitioner filed a habeas petition. *See generally id.* Petitioner asserts six claims: (1) "Petitioner's Warrantless Arrest and Continued Detention Violate the Fourth Amendment and 8 U.S.C. § 1357(a)(2);" (2) "Respondents Are Detaining Mr. Feguens in Violation of his Fifth Amendment Due Process Rights;" (3) "Violation of Substantive Due Process;" (4) "Constitutionally Inadequate 1226(a) Bond Hearing that Resulted in a Bond Denial Violated Mr. Feguens's Due Process;" (5) "Respondents Jailed Mr. Feguens in Violation of 8 U.S.C. § 1226(a) by Misapplying Border Detention Provisions;" and (6) "Respondents are Detaining Mr. Feguens in

Violation of the Administrative Procedures Act ('APA') (5 U.S.C. § 706(2))." *Id.* at 3, 7-10. For relief, petitioner requests, among other things, immediate release or, in the alternative, a custody hearing pursuant to 8 U.S.C. § 1226(a) within seven days at which respondents bear the burden of proof by clear and convincing evidence. *Id.* at 11.

On November 23, 2026, respondents filed a response. Docket No. 7. The response indicates that "Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case" and that respondents "recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id.* at 1. Respondents further state that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." *Id.* (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

The Court considers petitioner's due process claim. *See* Docket No. 1 at 7-8. Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation marks and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that petitioner was released on parole in 2022. *See* Docket No. 1 at 2. In releasing petitioner on parole, the government necessarily determined that petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar*, No. 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Respondents do not provide any indication as to why petitioner was re-detained. Since his release, petitioner has lived in the United States for more than four years, applied for asylum, attended his ICE check-in appointments, and maintained employment, and he has no criminal history. *See* Docket No. 1 at 2-3. Here – where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk – there is a significant risk of the erroneous deprivation of petitioner's liberty interest. *See Ekenge*, 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Perez-Cifuentes v. Warden, Denver Contract Detention Center*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances" (alteration, internal quotation marks, and citation omitted)); *Uzcategui v. Brooksby*, 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight

or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)); *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025) ("A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest.").

Petitioner's November 5, 2026 bond hearing does not alter this conclusion. When reviewing an IJ's decision in a bond hearing under § 1226(a), the scope of the Court's review is narrow. *See* 8 U.S.C. § 1226(e). The Court cannot and does not reweigh the evidence or "serv[e] as an appellate court over [the] IJ's bond decision." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026). But "[w]hether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas*, 533 U.S. at 688). And in the context of § 1226(a) bond hearings, due process requires the government to "establish that continued detention is justified by clear and convincing evidence." *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1186 (D. Colo. 2024); *Mota Villareal v. Baltazar*, No. 26-cv-02030-PAB, 2026 WL 2640620, at *2 (D. Colo. Sep. 8, 2026) (finding that a "bond hearing failed to provide petitioner with an adequate bond hearing under § 1226(a) because it is undisputed that the immigration judge placed the burden of proof on the petitioner instead of the government"). Petitioner states that the IJ placed the burden of proof on him and denied bond because petitioner "failed to carry his burden of demonstrating that he does not present a danger to the community" and "has not

sufficiently established that he does not present a risk of flight." Docket No. 1 at 3, 8. Respondents do not contest petitioner's account of the hearing. *See generally* Docket No. 7. Because the IJ did not require the government to show that petitioner's re-detention was justified, the bond hearing did not provide petitioner the process he was due and does not reduce the risk of an erroneous deprivation of his liberty. Thus, the Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low."[3] *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation marks and citation omitted); *cf. L.G.*, 744 F. Supp. 3d at 1185 ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's re-detention are low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty. *See Ekenge*, 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

---

[3] Petitioner states that he was arrested without a warrant, and respondents do not state otherwise. *See* Docket No. 1 at 3; Docket No. 7.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondents provide no argument to the contrary and do not contend that petitioner is a flight risk or danger to the community. Further, respondents state that if the Court grants the petition, the appropriate relief would be an order directing that respondents release petitioner from detention. Docket No. 7 at 1. Thus, the Court will grant the habeas petition on the basis of petitioner's due process claim and order petitioner's immediate release.[4] *See Perez-Cifuentes*, 2026 WL 1733489, at *3 ("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination." (internal quotation marks and citation omitted)); *Ekenge*, 2026 WL 617341, at *7 ("other courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy. To be released on conditional parole/own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that Petitioner poses such risk or danger.") (internal quotation marks and citation omitted); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y.

[4] Because the Court grants the petition on the basis of petitioner's due process claim, the Court does not reach petitioner's remaining claims and requests for relief.

2026) (finding that "in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger," petitioner's immediate release is the appropriate remedy).

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Michel Feguens' application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 24, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge